**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **EMMANUEL EDOKOBI,** | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-13-3707 |
| **M & M MORTGAGE SERVICES, INC.,** *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

M & M Mortgage Services Inc., its account manager Juan Gonzalez, and Mortgage Specialist Inc., at the direction of Litton Loan Servicing LP[1] in May 2010, inspected and secured Emmanuel Edokobi's house and real property at 2005 Stratton Drive in Potomac, Maryland and removed Mr. Edokobi's personal property. M & M, Gonzalez, and MSI then winterized Mr. Edokobi's house on December 23, 2010, as Litton instructed. Mr. Edokobi sued Litton for these acts on May 16, 2011, and Judge Motz granted summary judgment in Litton's favor. Mr. Edokobi then sued eight other financial institutions, alleging that those defendants improperly secured and winterized his house, and Judge Motz dismissed the case in its entirety, with prejudice. Mr. Edokobi now sues Defendants M & M, Gonzalez, and MSI for purported violations of state and federal law, based on the four actions giving rise to his suit against Litton and a new contention (contradicted by his earlier filings) that Litton was not the servicer for his mortgage. Yet, *res judicata* precludes the relitigation of the material facts and issues Plaintiff

---

[1] I refer to M & M Mortgage Services Inc. as "M & M," Mortgage Specialist Inc. as "MSI," and Litton Loan Servicing LP as "Litton" in this Memorandum Opinion.

raises in this lawsuit. On that basis, I will dismiss Plaintiff's claims with prejudice.[2] Further, given the repetitive nature of Plaintiff's filings to date (which demonstrate that he is a vexatious litigant), I will issue an injunction to limit Plaintiff's ability to file complaints or other papers related to the events that underlie this case and those that preceded it without leave of court, unless Plaintiff shows cause why he is not a vexatious litigant. In light of the injunction I plan to file, I will deny Defendants' Motion for Sanctions.[3]

## I.     FACTUAL AND PROCEDURAL BACKGROUND[4]

Plaintiff owns a single-family home (the "House") at 2005 Stratton Drive in Potomac, Maryland (the "Property"). Compl. ¶ 25, ECF No. 1. Defendants, acting pursuant to work orders from Litton, inspected the Property on May 11, 2010, "lock[ed] Plaintiff's House" and "remov[ed] Plaintiff's Personal Belongings inside Plaintiff's House on May 29, 2010," and "winteriz[ed] Plaintiff's House on December 23, 2010." Compl. ¶¶ 11, 26, 40 & 42. According to Plaintiff, Avelo Mortgage LLC ("Avelo"), and not Litton, serviced Plaintiff's mortgage loan at that time. *Id.* ¶¶ 29, 33–34, 40. On that basis, Plaintiff contends that Litton had no "legal

---

[2] Defendants M & M and Gonzalez have moved to dismiss, and the parties have briefed the motion fully, including in Plaintiff's Surreply, which he filed without authorization, in violation of Loc. R. 105.2(a). ECF Nos. 5, 5-1, 12, 13 & 14. A hearing is not necessary. *See* Loc. R. 105.6. Plaintiff also has moved for default judgment as to Defendant MSI, who has not responded to Plaintiff's Complaint. ECF No. 15. Because I will dismiss this case in its entirety, I will deny as moot Plaintiff's Motion to Enter Default Judgment.

[3] Defendants Gonzalez and M & M moved for Rule 11 Sanctions, ECF No. 16, and Plaintiff opposed their motion, ECF No. 17.

[4] For the purposes of resolving Defendants' Motion to Dismiss, I accept the facts alleged in Plaintiff's Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Yet, I need not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And, I may take judicial notice of the existence of court records. Fed. R. Evid. 201(b); *see also WW, LLC v. Coffee Beanery, Ltd.*, No. WMN–05–3360, 2012 WL 3728184, at *6 (D. Md. Aug. 27, 2012).

authority over Plaintiff's Mortgage Loan" and no "legal authority over Plaintiff's Property," such that Defendants' actions were wrongful. *Id.* ¶¶ 40–41. Plaintiff brings an eleven-count complaint, purporting to allege violations of 42 U.S.C. § 1985(3) (Counts I & II); violations of Maryland civil conspiracy law, including wrongful detainer, intentional infliction of emotional distress, intrusion upon seclusion, gross negligence, willful and reckless negligence, and "Negligence Acceptance" (Counts III–V, VII–XI); and a violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 *et seq.*, fraud, and negligent misrepresentation (Count VI). Compl. 14–22. All of Plaintiff's claims are based on Defendants' four actions on behalf of Litton: inspecting, locking, and winterizing the House, and removing Plaintiff's belonging from the House. *Id.* Significantly, in each claim, Plaintiff alleges that Defendants were at fault because they acted without a "Work Order issued by Avelo Mortgage" or "any approval from Avelo Mortgage." *Id.* ¶¶ 74, 75, 77, 78, 79, 81, 82, 85, 87, 91, 95, 98, 101, 103, 105, 107, 108, 109, 110 & 115. Thus, the crux of Plaintiff's Complaint is that Avelo, not Litton, serviced his mortgage and therefore only Avelo could authorize Defendants to act as they did.

As Plaintiff acknowledges, he previously brought suit against Litton. Compl. ¶ 44. In *Edokobi v. Litton Loan Servicing LP*, No. JFM-11-1332 (the "*Litton* Case"), unlike in the case currently pending, Plaintiff alleged that there was a "Mortgage Contract between Litton Loan Servicing LP and Plaintiff, Emmanuel Edokobi." Am. Compl. ¶ 106, ECF No. 29 in the *Litton* Case; *see also* Pl.'s Resp. 1–2, ECF No. 34 in the *Litton* Case (asserting that Litton was "servicing . . . Plaintiff's Loan"); *cf.* Compl. ¶¶ 40–41 (Litton had no "legal authority over Plaintiff's Mortgage Loan"). He further alleged that, on May 18, 2010, Litton "entered into Plaintiff's House in the absence of Plaintiff," "conducted [a] search of Plaintiff's House in the

absence of Plaintiff," locked him out of the House, and "trashed-out/destroyed" Plaintiff's "personal properties" by "deploy[ing] a number of people" as part of a conspiracy. Am. Compl. ¶¶ 6, 28, 38, 56 & 113 in the *Litton* Case. He also claimed that Litton "executed Winterization of Plaintiff's house without Plaintiff's consent and knowledge" on December 23, 2010. *Id.* ¶ 48. Plaintiff asserted twenty-three claims including, *inter alia*, violations of 42 U.S.C. § 1985(3) and Maryland common law claims of breach of contract, trespass, intrusion upon seclusion, intentional infliction of emotional distress, negligence and civil conspiracy. *Id.* at 13–26. Plaintiff moved for the joinder of M & M and MSI, asserting that M & M was an "indispensable and inevitable party" because M & M "actually entered inside [the Property] and performed some activities without Plaintiff's Consent or Knowledge," Mot. for Joinder ¶ 4, ECF No. 65-1 in the *Litton* Case.[5]

Despite having pleaded in that case that Litton serviced his mortgage, Plaintiff now claims that he "prepare[d] . . . documents to show in the trial of Plaintiff's Civil Action against Litton Loan Servicing LP that, Litton Loan Servicing LP is not the Servicer of Plaintiff's Mortgage Loan," but this Court "abruptly grant[ed] . . . summary judgment in favor of Litton Loan Servicing LP without allowing Plaintiff [the] opportunity to respon[d] to Litton's Motion for summary judgment." Compl. ¶ 44. To the contrary, Plaintiff filed a timely Opposition to Litton's Motion, accompanied by exhibits, ECF No. 79 in the *Litton* Case, which Judge Motz

---

[5] It is true that, in opposing Plaintiff's Motion for Joinder, Litton argued that Plaintiff could sue M & M and MSI at a later date. Litton Opp'n to Joinder 2, ECF No. 70 in the *Litton* Case. But, the Court did not rule on Plaintiff's joinder motion or otherwise address this argument, and Defendants are not now precluded from arguing that they cannot be sued based on the outcome of that case. *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (stating that collateral estoppel precludes a party from relitigating an issue when the proponent shows, *inter alia*, that "the issue or fact was *actually resolved* in the prior proceeding") (emphasis added); *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (stating that *res judicata* bars relitigation of an issue where there has been a previous judgment on the merits).

considered in reaching his decision to enter judgment in Litton's favor, Mem. 1 in the *Litton* Case. Additionally, Plaintiff filed a Motion for Partial Summary Judgment Against Defendant Litton Loan Servicing LP, along with exhibits. ECF No. 75 in the *Litton* Case. In its Opposition, Litton noted that Plaintiff's Motion for Partial Summary Judgment, which he did not file electronically, exceeded 100 pages and his exhibits encompassed several hundred pages. Litton Opp'n 1, ECF No. 76 in the *Litton* Case.

In granting summary judgment for Litton, Judge Motz found that Litton was "the servicer of a mortgage on the subject property," and that, as the servicer, Litton "acted entirely appropriately to secure the property under the terms of the applicable deed of trust" on May 29, 2010, when Litton "install[ed] locks on the doors of plaintiff's residence," at which time the Property was vacant. Mem. 1, ECF No. 83. Judge Motz further concluded that summary judgment was appropriate with regard to the claims based on Litton's removal of Plaintiff's personal property from the House because Plaintiff did not present any evidence showing that Litton acted improperly in "removing his personal belongings." *Id*. Although the two-page Memorandum did not reference the alleged inspection and winterization of the Property, Judge Motz granted summary judgment as to all claims. Mem. 2 in the *Litton* Case; Order, ECF No. 84 in the *Litton* Case. Importantly, the Fourth Circuit dismissed Plaintiff's appeal of Judge Motz's ruling and denied his petition for rehearing and rehearing en banc. ECF Nos. 97 & 99 in the *Litton* Case. The Supreme Court denied Mr. Edokobi's Petition for Writ of Certiorari. *See Edokobi v. Litton Loan Servicing, LP*, No. 12-1500, 134 S. Ct. 204 (U.S. Oct. 7, 2013).

Mr. Edokobi then filed suit against Judge Motz, challenging Judge Motz's ruling in the *Litton* Case. *See Edokobi v. Judge J. Frederick Motz*, No. DKC-13-3378. Chief Judge

Chasanow noted two typographical errors in Judge Motz's order[6] and dismissed the suit with prejudice. Mem. 2 & Order 1, ECF Nos. 2 & 3 in DKC-13-3378.

Additionally, Plaintiff filed another suit in this Court, *Edokobi v. Greenpoint Mortgage Funding, Inc.*, No. JFM-13-288 (the "*Greenpoint* Case"), purporting to allege in seventy counts and 488 pages that eight defendants participated in having the Property "unlawfully 'securitized,'" and that they "improperly secured and winterized the house." Compl., ECF No. 2 in the *Greenpoint* Case; *see* Mem. 1–2, ECF No. 53 in the *Greenpoint* Case. Judge Motz dismissed the case in its entirety with prejudice, observing that "[s]ecuritization of mortgages is not illegal" and finding that, "to the extent that any of the defendants took action to secure and winterize the property at 2005 Stratton Drive, Potomac, Maryland, it is clear that the actions were taken after plaintiff no longer lived at the house and were taken solely for the purpose of preventing the secured property from being unduly damaged." *Id*. at 2; *see* Order, ECF No. 54 in the *Greenpoint* Case.

## II.   DISCUSSION

Plaintiff is proceeding *pro se* and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from

---

[6] Judge Chasanow noted that, while Judge Motz wrote that

> "[i]n opposing the motion plaintiff has come forward with no evidence to suggest that **plaintiff** did act improperly by installing new locks on the subject premises and removing his personal belongings on May **11**, 2010," . . . [c]learly, the Memorandum meant to state, "[i]n opposing the motion Plaintiff has come forward with no evidence to suggest that **Defendant** acted improperly by installing new locks on the subject premises and removing his personal belongings on May 18, 2010."

Mem. 2 in DKC-13-3378 (emphasis in DKC-13-3378). Plaintiff states that Judge Chasanow's observation "assuaged Plaintiff's fears." Pl.'s Opp'n ¶ 103.

pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). However, if an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is *res judicata*, which "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted).

pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). However, if an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is *res judicata*, which "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted).

When considering this defense, "'a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact.'" *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1). *Res judicata* provides grounds for dismissal if a defendant establishes "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Even if the plaintiff's legal theory differed in the earlier dispute, *res judicata* still may bar the current action, provided that "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Aliff*, 914 F.2d at 42). Further,

> The preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (internal quotation marks deleted).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

The summary judgment ruling in the *Litton* Case is a judgment on the merits. *See Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir. 1984) ("For purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits."); *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (quoting *Adkins*, 729 F.2d at 976). As such, it resolved the claims of the parties to that case. *See Shoup*, 872 F.2d at 1181; *Adkins*, 729 F.2d at 976. Therefore, the first element of *res judicata* is present. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

As for the second element, privity exists when "'the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*.'" *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 493 (4th Cir. 1981) (citation omitted). Put differently, privity "'designates (for *res judicata* purposes) a person so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Id.* (citation omitted). Here, it is undisputed that Defendants acted as vendors for Litton and under Litton's directions with regard to the actions they took on the Property. Indeed, Plaintiff sought to join M & M and MSI in that action, but Judge Motz did not dispose of Plaintiff's joinder motion before granting summary judgment in favor of Litton. Thus, the *Litton* Case involved the same plaintiff, Mr. Edokobi, and Defendants' privy, i.e., Litton. Defendants have established the second element of *res judicata*. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

With regard to the third element, the causes of action in this case and the *Litton* Case overlap but are not identical. But, more significantly, the claims in this case all "'arise[] out of the same transactions'" as those resolved in the *Litton* Case. *See id.* (quoting *Aliff*, 914 F.2d at 42). Specifically, in the *Litton* Case, Plaintiff claimed that Litton became liable to him when Litton inspected his Property, secured the House, removed his personal belongings, and winterized the House, and Judge Motz determined that Plaintiff failed to show that Litton, as the servicer for Plaintiff's mortgage, acted improperly. Mem. 1–2 in the *Litton* Case. Insofar as the summary judgment order in the *Litton* Case did not address the inspection or winterization, it nevertheless is clear that Plaintiff could have sought recovery on those grounds explicitly, as Plaintiff alleged the relevant facts in his complaint in the *Litton* Case. *See Meekins*, 946 F.2d at

9

1057.  Therefore, the third element of *res judicata* also is present.  *See id.*; *Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

In sum, all of the elements of *res judicata* are present, and it is clear that Mr. Edokobi already "had a full and fair opportunity to litigate [his] claims against Defendants or their privies" in the *Litton* Case.  *Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 WL 3012000, at *7 (D. Md. July 20, 2012).  Given that, in the *Litton* Case, the parties and Judge Motz all agreed that Litton serviced Plaintiff's mortgage at the time of the incidents in question, and Judge Motz found that Litton was not liable to Plaintiff for any of the actions at issue, and that the parties now agree that Defendants worked at Litton's direction, *res judicata* bars the case currently before this Court.  Defendants' Motion to Dismiss IS GRANTED on that ground.[7]

### III. SANCTIONS AND PRE-FILING INJUNCTION

Defendants M & M and Gonzalez contend that Mr. Edokobi is "a serial *pro se* Plaintiff" who has brought four lawsuits regarding the inspection, securing, and winterization of the Property against ten different defendants, two of which "have resulted in Orders in which specific factual determinations have been made which demonstrate that the Plaintiff's claims are not warranted by existing law."  Defs.' Sanctions Mot. 1.  They ask for the Court to "enter sanctions against Plaintiff to deter him from continuing to file meritless and harassing litigation by ordering him to pay all of Defendants' attorney's fees and other expenses in responding to the Complaint."  Defs.' Sanctions Mem. 7, ECF No. 16-1.

---

[7] Defendants also argue for dismissal on the grounds of collateral estoppel, statute of limitations, and failure to state a claim.  Defs.' Mem. 7–8, 10–12.  The Court need not address these arguments because *res judicata* bars all of Plaintiff's claims.

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas* v. *Fulton,* 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer*, 390 F.3d at 817–18). One means of limiting access is a pre-filing injunction, which is a "drastic remedy" that courts only should impose "sparingly," but it may be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted). When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious harassing, or duplicative lawsuits"; (2) whether the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings"; and (4) if alternative sanctions are adequate. *Id.* at 818. The injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.*

Even a cursory review of these factors demonstrates the need for a pre-filing injunction to limit the ability of Mr. Edokobi to file further lawsuits relating to the events that underlie this case and the three that preceded it. He has filed four lawsuits, all of which relate to the same events that were resolved against him with finality in the *Litton* case, one of them against a Judge of this Court. He has disregarded the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court by filing pleadings and papers in the hundreds of pages (the very antithesis of "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2)), and filing a Surreply without Court authorization, in violation of Local Rule 105.2(a). He has burdened the defendants sued in each of his unmeritorious suits, as well as employees of the Clerk's Office

who are required to process his voluminous filings. His appeal of the *Litton* case was unsuccessful, and the Supreme Court denied certiorari, and his repeated attempts to relitigate the same claims cannot be based on a good faith belief that they had merit. Finally, because he is acting *pro se*, there is no realistic expectation that lesser sanctions than a prelitigation injunction will be effective to deter him from filing further frivolous, harassing, and vexatious suits. This Court is not a trampoline for the vexatious amusement of serial litigants who would persist in refiling meritless suits that already have been decided with finality against them.

I therefore will issue an injunction to limit the ability of Emmanuel Edokobi to file complaints or other papers relating to the subject matter of this suit and its three predecessors without leave of court. I have weighed and balanced Mr. Edokobi's baseless filings and the burden he has placed on court personnel with his right of access to the courts, and find it necessary to issue a narrowly tailored pre-filing injunction that will restrict, but not deprive, him of his right of access to the court. I do not find that monetary sanctions would be effective or are necessary, however, and therefore I deny Defendants' Motion for Sanctions.

Consequently, Mr. Edokobi is ordered to show cause why the Court should not impose an order which directs the Clerk: (1) not to accept for filing any further complaints or papers filed by Mr. Edokobi that arise out of or relate to the events that underlie this lawsuit and the three preceding cases, unless the undersigned certifies that the complaint or papers are filed in good faith and not for any improper purpose, and that they have a colorable basis in law and fact; (2) to return to Mr. Edokobi,[8] under judicial signature, all screened complaints or other papers

---

[8] Mr. Edokobi's documents will be returned to the last known address on file in the event he does not provide a return address.

submitted that are not accepted for filing; and (3) to destroy all screened complaints or other papers that were returned to Mr. Edokobi and re-filed in the Court.

Mr. Edokobi shall show cause by November 5, 2014 why the Court should not impose the aforementioned pre-filing injunction. He is cautioned that his failure to file a timely or responsive show cause answer will result in the imposition of the pre-filing injunction without further notice from the Court. Mr. Edokobi's answer may not exceed twenty-five double-spaced pages with twelve-point font, and should he exceed that limit, the Clerk is ordered to reject the filing and return it to him.

### IV.   CONCLUSION

Defendants have shown the applicability of the affirmative defense of *res judicata* to Plaintiff's Complaint. On that basis, Defendants' Motion to Dismiss, ECF No. 5, IS GRANTED, and Plaintiff's Complaint IS DISMISSED. Plaintiff's Motion to Enter Default Judgment, ECF No. 15, IS DENIED AS MOOT. Defendants' Motion for Sanctions, ECF No. 16, IS DENIED, but Mr. Edokobi SHALL SHOW CAUSE by November 5, 2014 why the Court should not impose a pre-filing injunction. The Clerk SHALL CLOSE this case.

A separate order will issue.

Dated: October 22, 2014                                           /S/
                                                                          Paul W. Grimm
                                                                          United States District Judge

lyb